433 F.2d 10
 Diana BERNSTEIN, Plaintiff-Appellant,
v.
William F. KENNELLY, Robert M. Thorpe, Burton S. Robbins, Edward S. Campbell, Richard E. Fuller, Charles C. Newton, Defendants, and
Heath Tecna Corporation, Appellee.
 No. 25330.
 United States Court of Appeals, Ninth Circuit.
 October 13, 1970.
 Rehearing Denied November 23, 1970.
 
 Sidney L. Garwin (argued) New York City, Arthur S. Langlie, of Langlie & Praeger, Seattle, Wash., for appellant.
 Douglas Shaw Palmer of Davis, Wright, Toodd, Reise & Jones, Seattle, Wash., for defendants.
 Gerald Hahn (argued) of Oseran & Hahn, Kent, Wash., for appellee.
 Before HAMLEY and WRIGHT, Circuit Judges, and GOODWIN, District Judge.*
 PER CURIAM:
 
 
 1
 This is a stockholders' derivative action brought on behalf of Heath Tecna Corporation, to recover profits made by six of its officers in "insider" stock transactions in violation of section 16 (b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Five of the defendants agreed to pay back their profits, aggregating three hundred thousand dollars, if the sixth officer, Burton Robbins, who denied liability, was held liable.
 
 
 2
 Thereafter a summary judgment was entered determining that Robbins was liable to the corporation. All six defendants then entered into a stipulation under which the corporation recovered from them the aggregate amount of $407,994.08.
 
 
 3
 Plaintiff's attorney and accountants then asked for an award of one hundred thousand dollars as a fee for their services in the action. No objection was interposed. The district court, however, reduced the aggregate fee to thirty-five thousand dollars, noting four reasons for doing so. On this appeal, plaintiff argues that the court erred in failing to allow the entire one hundred thousand dollar fee requested.
 
 
 4
 Under the special circumstances of this case, with which the parties are familiar, we hold that the district court did not abuse its discretion in limiting the fee for attorneys and accountants to thirty-five thousand dollars. We intend no implication that the ratio between the thirty-five thousand dollar fee and the $408,000 recovery to the corporation provides a useful guideline with respect to the fees to be allowed in any other stockholders' derivative suit.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable Alfred T. Goodwin, United States District Judge for the District of Oregon, sitting by designation